■ WILFRIDO DOMINGUEZ et al., Respondents, v 2520 BQE ASSOCIATES, LLC, Defendant, and TIME WARNER CABLE, Appellant. [979 NYS2d 276]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 22, 2013, which, insofar as appealed from, denied the motion of defendant Time Warner Cable (TWC) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Plaintiff was injured when he slipped and fell on a sheet of ice at the top landing of a four-to-five step staircase as he exited a building leased by TWC. Plaintiff testified that he did not see the ice prior to his accident. After being helped up from the ground, plaintiff then observed that he had slipped on a five-by-seven-inch sheet of ice. Plaintiff also stated that at the time of his fall, there was no salt on the steps and snow and ice had been pushed to the sides of each step.

Summary judgment was properly denied because triable issues of fact exist as to whether TWC had constructive notice of the icy condition of the landing. Although plaintiff stated that the ice patch was "white" and "clear," he noticed that it was ice right after he fell, and described its dimensions. Thus, it cannot be said, as a matter of law, that the ice patch was not visible or could not be reasonably detected. Furthermore, TWC failed to present an affidavit or testimony from someone with personal knowledge as to the last time the exterior steps and landing were inspected and maintained prior to plaintiff's accident (see Rodriguez v Bronx Zoo Rest., Inc., 110 AD3d 412 [1st Dept 2013]). Moreover, climatological records show that it had snowed approximately eight inches two days before plaintiff's fall, and that temperatures remained below freezing up until the accident occurred. From this data, it can be reasonably inferred that the ice patch had been present for at least two days, and fact issues exist as to whether TWC had constructive notice of the icy condition (see id.). Concur—Tom, J.P., Saxe, DeGrasse, Richter and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 30808(U).]**